IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MICHELLE MORETTO, AMBER ROBERTSON, ASHLEY M MEHRZAD, DAWN K. HOSTETLER, MARISSA HUTTON, LARRY VICARY, REBECCA MELLOY, RHONDA RANDOLPH, RICHARD JOHNSTON, STEVE VANDUSEN, CHARLES TYSON MAY, ALEISHA KARRICK, TRENT STRUNK, <br><br> Plaintiffs, <br><br> v. <br><br> TAZEWELL COUNTY SHERIFF'S OFFICE, SHERIFF ROBERT HUSTON, in his individual capacity, CHIEF DEPUTY JEFF LOWER, in his individual capacity, JAIL SUPERINTENDENT KURT ULRICH, in his individual capacity, JAIL SUPERINTENDENT EARL HELM, in his individual capacity, DEPUTY JAIL SUPERINTENDENT BILL ROTH, in his individual capacity, TAZEWELL COUNTY, a unit of local Government, <br><br> Defendants. | Case No. 14 CV 1433 <br><br><br> Plaintiffs Demand Trial by Jury |

## SECOND AMENDED COMPLAINT

Plaintiffs MICHELLE MORETTO, AMBER ROBERTSON, ASHLEY M MEHRZAD, DAWN K. HOSTETLER, MARISSA HUTTON, LARRY VICARY, REBECCA MELLOY, RHONDA RANDOLPH, RICHARD JOHNSTON, STEVE VANDUSEN, CHARLES TYSON MAY, ALEISHA KARRICK, TRENT STRUNK,

1

complaining against Defendants, TAZEWELL COUNTY SHERIFF'S OFFICE, SHERIFF ROBERT HUSTON, in his individual capacity, CHIEF DEPUTY JEFF LOWER, in his individual capacity, JAIL SUPERINTENDENT KURT ULRICH, in his individual capacity, JAIL SUPERINTENDENT EARL HELM, in his individual capacity, DEPUTY JAIL SUPERINTENDENT BILL ROTH, in his individual capacity, TAZEWELL COUNTY, a unit of local Government, state as follows:

1. Plaintiffs bring this action to redress acts of retaliation in violation of the First Amendment pursuant to 42 U.S.C. § 1983 in violation of Plaintiffs' rights to free speech, union association, and political association.

2. Plaintiff Mehrzad brings a claim for violations of the Illinois Human Rights Act for sex/pregnancy discrimination pursuant to 775 ILCS 5/2-102(J).

**JURISDICTION AND VENUE**

3. This Court has jurisdiction pursuant to 42 U.S.C. §1983 and 28 U.S.C. §1343.

4. Venue is proper in this judicial district under 28 U.S.C. §1391(b) and (c) because Plaintiffs and all Defendants either reside in this district or have their principal place of business in this district, and all events giving rise to Plaintiffs' claims occurred within this district.

5. This Court also has jurisdiction pursuant to the Illinois Human Rights Act. On March 2, 2015, Plaintiff Ashley Mehrzad filed a Charge of Discrimination with the

Illinois Department of Human Rights alleging that the Defendant Tazewell County Sheriff's Office through Defendant Ulrich discriminated against her on the basis of sex/pregnancy by failing to reasonably accommodate her pregnancy and requiring her to take a leave of absence during her pregnancy.

6. On December 9, 2016 the Illinois Department of Human Rights issued an Amended Notice of Substantial Evidence, finding that there was substantial evidence to support her charge of sex/pregnancy discrimination.

7. Plaintiff Mehrzad's Illinois Human Rights Act claim is made within 90 days of receipt of the IDHR's Amended Notice of Substantial Evidence, and is therefore timely filed under the Illinois Human Rights Act, 775 ILCS 5/7A-102, subparagraphs (D)(3), (D)(4), and (G)(2).

## PARTIES

8. Plaintiffs MICHELLE MORETTO, AMBER ROBERTSON, ASHLEY M MEHRZAD, DAWN K. HOSTETLER, MARISSA HUTTON, LARRY VICARY, REBECCA MELLOY, RHONDA RANDOLPH, RICHARD JOHNSTON, STEVE VANDUSEN, CHARLES TYSON MAY, ALEISHA KARRICK, TRENT STRUNK, were at all relevant times correctional officers with the Tazewell County Sheriff's Office.

9. At all relevant times, each Plaintiff satisfactorily fulfilled his or her assigned duties.

10. Defendant TAZEWELL COUNTY is a municipality incorporated under the laws of the State of Illinois. Tazewell County administers itself through departments, one of which is the Tazewell County Sheriff's Office ("Sheriff's Office").

11. At all relevant times, Defendant ROBERT HUSTON ("Sheriff Huston") served in the elected position of Sheriff of Tazewell County, Illinois. Sheriff Huston is sued in his individual capacity as Sheriff of Tazewell County.

12. Defendant Huston was a policy maker for the Sheriff's Office and has final policy making authority for the Sheriff's Office with regard to his acts and conduct alleged herein. Defendant Huston at all relevant times acted under color of law.

13. Defendant JEFF LOWER is sued in his individual capacity. At all relevant times, Defendant Lower was Chief Deputy for the Tazewell County Sheriff's Office Department and acted under color of law.

14. Defendant Lower was appointed by Sheriff Huston and served as Deputy Chief solely at the discretion and pleasure of the Sheriff. The Sheriff delegated final policy making authority to Defendant Lower with regard to his acts and conduct alleged herein.

15. Defendant KURT ULRICH is sued in his individual capacity. At all relevant times, Defendant Ulrich was Jail Superintendent of the Tazewell County Sheriff's Office Corrections Division and acted under color of law.

16. Defendant Ulrich was appointed by Sheriff Huston and served in the position of Jail Superintendent solely at the discretion and pleasure of the Sheriff. The Sheriff delegated final policy making authority to Defendant Ulrich with regard to his acts and conduct alleged herein.

17. Defendant EARL HELM is sued in his individual capacity. At all relevant times, Defendant Helm was Jail Superintendent of the Tazewell County Sheriff's Office Corrections Division and acted under color of law.

18. Defendant Helm was appointed by Sheriff Huston and served in the position of Jail Superintendent solely at the discretion and pleasure of the Sheriff. The Sheriff delegated final policy making authority to Defendant Helm with regard to his acts and conduct alleged herein.

19. Defendant BILL ROTH is sued in his individual capacity. At all relevant times, Defendant Roth was Deputy Jail Superintendent of the Tazewell County Sheriff's Office Corrections Division and acted under color of law.

20. Defendant Roth was appointed by Sheriff Huston and served in the position of Deputy Jail Superintendent solely at the discretion and pleasure of the Sheriff. The Sheriff delegated final policy making authority to Defendant Roth with regard to his acts and conduct alleged herein.

## **FACTS UPON WHICH CLAIMS ARE BASED**

21. In October 2010, the Union, which consisted mainly of the Plaintiffs, held a no-confidence vote against Sheriff Huston.

22. The Plaintiffs either voted no-confidence or supported the no-confidence vote of the other Plaintiffs against Sheriff Huston.

23. Plaintiffs also supported the Sheriff's opponent in the campaign for election and did not support Sheriff Huston.

24. Plaintiffs Moretto and VanDusen are on the Union negotiating team and were considered the "ring leaders" by Defendants. Plaintiff Moretto organized the vote.

25. Since the no confidence vote, and on a continuing basis, Defendants have subjected Plaintiffs to retaliation.

26. Since Plaintiffs support of Sheriff Huston's opponent in the campaign for election, and on a continuing basis, Defendants have subjected Plaintiffs to retaliation.

27. Plaintiffs have continually spoken out against and complained about the retaliation. Defendants have still refused to remedy Plaintiffs' complaints.

28. Because of Plaintiffs' association with the union, because of their political opposition to Sheriff Huston, and because of Plaintiffs' complaints, Defendants have retaliated against Plaintiffs, including but not limited to the following acts of retaliation:

    a. Defendants have denied Plaintiffs' workers' compensation claims, light duty requests, and accrued time donations;

6

b. Defendants placed a camera in the 2nd floor control area in order to monitor union activities;

c. Defendants have denied training for Plaintiffs, including, but not limited to, taser training, CPR certification, suicide prevention, first aid training and use of force training;

d. Defendants have refused to appoint Plaintiffs as Field Training Officers;

e. Defendants separated officers involved in the union and refused to let them work together;

f. Defendants withheld holiday bonuses from the Plaintiffs, while continuing to pay bonuses to other employees;

g. Defendants have made employment positions non-union to exclude Plaintiffs, including abolishing the position of sergeant and reconstituting it under a different name;

h. Defendants did away with the merit commission in order to prevent Plaintiffs from being eligible for promotion;

i. Defendants filled positions with non-union personnel without posting the position;

    j.    Defendant Huston demoted some Plaintiffs, including Officers VanDusen and Johnston when he made the Sergeant position non-union;

    k.    Officers Moretto and Hostetler were removed from their Classification positions, which resulted in the loss of a 7.5% pay increase;

    l.    On numerous occasions, including on December 17, 2013, Defendants told Plaintiffs that things will only get better if they apologize for the no-confidence vote;

    m.    Defendants have called Plaintiffs "problem children," "trouble makers," "union radicals" and said that they disgrace the uniform;

    n.    Defendants have cut staffing and changed assignments on the third shift creating officer safety issues;

    o.    Supervisors and command staff told Plaintiffs that they cannot talk about union activities while at work; and

    p.    Defendants have told the State's Attorney's office not to file charges against inmates for attacks on Plaintiffs, creating an officer safety issue that impacts the safety of the residents of Tazewell County.

29.    On December 31, 2012, Sheriff Huston told Officer Mehrzad that due to the no-confidence vote he would not hire a correctional officer for any other position,

including probation, jail clerk, or as a deputy. Sheriff Huston stated that the Correctional Officers in the jail ruined future job opportunities and promotions because they held a no-confidence vote against him and helped to campaign against him in the last election.

30. On January 7, 2014, Defendant Ulrich threatened to fire Officer Mehrzad for associating with Plaintiffs. Defendants have refused to hire any additional correctional officers since July 2013, but have hired non-union deputy positions.

31. On or about January 23, 2015, Defendant Ulrich, with the knowledge and consent of Defendant Huston, refused to accommodate Mehrzad's pregnancy and she was forced to take leave without pay. The Department has previously accommodated another pregnant female officer, who was not involved in a lawsuit against the Department. This officer was accommodated during two pregnancies by allowing her to continue working and assigning her to a safe position within the jail. The other officer, who is not a Plaintiff, had the same standard restrictions of no lifting over a certain weight, and needs to work a safe duty position as Mehrzad. Defendants failed to accommodate Plaintiff Mehrzad, by:

    a. On or about January 20, 2015, Plaintiff Mehrzad provided her employer with a doctor's note which stated "Ashley is pregnant with a due date of July 17, 2015 and needs to be on safe duty, no lifting over 20 pounds." These are common effects of pregnancy.

b. Plaintiff Mehrzad was forced to take leave on January 23, 2015 by Defendant Ulrich. Mehrzad was told that there were no reasonable accommodations which would meet the requirements of safe duty and no lifting over 20 pounds, so she should take "time off to recover from [her] restrictions."

c. There are assignments as a correctional officer that would meet the requested accommodation or could reasonably meet the requested accommodation, including working second floor control on first and second shift, second floor control and B-C pod during third shift, Central Control, and Classification. Mehrzad's doctor cleared her to work those positions. Plaintiff Mehrzad would have been able to perform all of the functions of these positions. These positions would have provided Plaintiff Mehrzad with safer working conditions and do not routinely involve lifting.

d. Defendants refused to accommodate Plaintiff Mehrzad.

e. From January 23, 2015 to September 2, 2015, Plaintiff Mehrzad was forced on administrative leave requiring her to use sick leave, vacation, personal days, and unpaid leave.

  f.  Defendants refused to discuss any reasonable accommodations with Mehrzad other than to say that there were no reasonable accommodations that would meet her request.

  g.  Defendants did not demonstrate that the accommodation would impose an undue hardship on the ordinary operation of the business of the Tazewell County Sheriff's Office.

32. Defendant Huston stated that he would never promote from the jail for a Sheriff's deputy position due to the no-confidence vote.

33. No officers from the jail have been promoted to deputies since the no-confidence vote, despite several being on the promotions list.

34. Officers were also questioned in their interviews about whether they had filed any grievances or were involved in the no-confidence vote.

35. In or about July 2014, Defendants changed the policy in order to force female officers to work overtime, which had a disparate impact on the Plaintiffs.

36. In or about February 2015, Plaintiff Robertson was passed over for promotion despite being most qualified for the position. Sheriff Huston made comments to her in the promotional interview about the officers suing him in this lawsuit. The officer promoted over Amber Robertson is not a part of the lawsuit.

37. On February 22, 2015, Defendants required Plaintiff Moretto to undergo a Fitness for Duty test, whereas employees who are not Plaintiffs to this suit are not required to undergo a Fitness for Duty test.

38. Defendants have stated that if officers want to be considered for the Jail Operation Supervisor (formerly sergeant) position then they need to withdraw from the union.

39. Defendant Roth stated that if Plaintiffs think its bad now, just wait until after the election.

40. Plaintiffs continue to lose overtime, bonus payments, training, promotion opportunities, and other specialties as a result of Defendants' conduct.

41. In or about July 2015, Defendants began refusing to allow Plaintiffs to trade days off and use rolling comp time, despite the fact that it had been the practice for years.

42. Plaintiffs spoke out as citizens on matters of public concern including officer safety issues, violations affecting all employees of the Sheriff's Office Corrections Department, and safe operations of the jail.

43. Defendants have engaged in a pattern and practice of retaliation against employees based on their free speech, affiliation with the Union, and political opposition to Sheriff Huston.

44. Defendants and Defendants' command staff and supervisors had knowledge of the complained of conduct and refused or failed to take action to terminate or correct such conduct, although they had the power and authority to do so.

45. All Defendants have acted under color of state law at all material times hereto.

46. The actions of the Defendants were intentional, willful, and malicious and/or in reckless disregard of Plaintiffs' rights as secured by 42 U.S.C. § 1983 and the Civil Rights Act of 1991.

47. The acts of Defendants have caused Plaintiffs great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

## CLAIMS

48. **Claim I: 42 U.S.C. § 1983 Retaliation Based on Union Association against all Defendants.** Defendants unlawfully retaliated against Plaintiffs for the exercise of their rights under the First Amendment. The First Amendment protects a wide spectrum of free speech and association, including a public employee's right to speak freely, to advocate ideas, to associate with others, and to petition his government for redress of grievances. By associating with the union and exercising their rights to oppose the Sheriff, and by associating with others involved in the union, Plaintiffs were engaged in the exercise of their rights under the First Amendment. Defendants

intentionally subjected Plaintiffs to unequal and retaliatory treatment by retaliating against Plaintiffs as set forth above. The actions of Defendants against Plaintiffs violated their rights guaranteed under the First Amendment to the United States Constitution and 42 U.S.C. § 1983.

49. **Claim II: 42 U.S.C. § 1983 Retaliation Based on Free Speech against all Defendants.** Defendants unlawfully retaliated against Plaintiffs for the exercise of their rights under the First Amendment. The First Amendment protects a wide spectrum of free speech and association, including a public employee's right to speak freely, to advocate ideas, to associate with others, and to petition his government for redress of grievances. By speaking out against the Sheriff and his acts of retaliation, which affected the Corrections Department as a whole and the public because of concerns of officer safety, and by filing grievances, Plaintiffs were engaged in the exercise of their rights under the First Amendment. Defendants intentionally subjected Plaintiffs to unequal and retaliatory treatment by retaliating against Plaintiffs as set forth above. The actions of Defendants against Plaintiffs violated their rights guaranteed under the First Amendment to the United States Constitution and 42 U.S.C. § 1983.

50. **Claim III: 42 U.S.C. § 1983 Retaliation Based on Political Association against all Defendants.** The First Amendment protects a wide spectrum of free speech and association, including a public employee's right to free association and to support or not support a political candidate of their own choosing. By not supporting Sheriff

Huston, and by being associated with and associating with others involved in the campaign of the Sheriff's political opponent, Plaintiffs were engaged in the exercise of their rights under the First Amendment.

51. Defendants' actions reflect a policy, custom, or pattern of official conduct of engaging in and condoning retaliation against individuals based in violation of the First Amendment.

52. The actions of the Defendants against Plaintiffs violated their rights guaranteed under the First Amendment to the United States Constitution and 42 U.S.C. § 1983.

53. Plaintiffs hereby demand trial by jury.

**WHEREFORE,** Plaintiffs seeks the following relief:

a. All wages and benefits Plaintiffs would have received but for the retaliation, including but not limited to back pay, front pay, future pecuniary losses, and pre-judgment interest;

b. Compensatory damages in an amount to be determined at trial;

c. A permanent injunction enjoining the Defendants from engaging in the retaliatory practices complained of herein;

d. A permanent injunction requiring that the Defendants adopt employment practices and policies in accord and conformity with the requirements of the Civil Rights Act of 1871, 42 U.S.C. § 1983, and further requiring that Defendants adopt and initiate effective remedial actions to ensure equal treatment and non-retaliation of employees;

e. A declaratory judgment that Defendants' actions violate the First Amendment to the United States Constitution;

f.     The Court retain jurisdiction of this case until such time as it is assured that the Defendants have remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

g.     Punitive damages as allowed by law as against the individual Defendants only;

h.     An award of reasonable attorneys' fees, costs, and litigation expenses; and

i.     Such other relief as the Court may deem just or equitable.

## SUPPLEMENTAL STATE LAW CLAIM

54. As against TAZEWELL COUNTY SHERIFF'S OFFICE, Plaintiff Mehrzad restates and realleges by reference paragraph 1 through 53 above as though fully set forth herein.

55. At all times relevant herein, the State of Illinois had in place a certain statute, the Illinois Human Rights Act, 775 ILCS 5 *et seq.*, which provides in relevant part that: "It is a civil rights violation . . . for an employer to not make reasonable accommodations for any medical or common condition of a job applicant or employee related to pregnancy or childbirth, unless the employer can demonstrate that the accommodation would impose an undue hardship on the ordinary operation of the business of the employer."

56. Throughout Plaintiff Mehrzad's employment with the Tazewell County Sheriff's Office, the Office was an "employer" within the meaning of the Illinois Human Rights Act.

57. Throughout Plaintiff Mehrzad's employment with Defendant Tazewell County Sheriff's Office, Mehrzad was an "employee" within the meaning of the Illinois Human Rights Act.

58. Plaintiff has performed all conditions precedent to filing this case under the Illinois Human Rights Act.

59. Defendant Tazewell County Sheriff's Office through its employees, including Defendant Ulrich, violated the statue as set forth in paragraph 31, by refusing to accommodate Plaintiff Mehrzad's pregnancy and not demonstrating that the accommodation would impose an undue hardship on the ordinary operation of the business of the employer.

60. As a result of Defendants' unlawful conduct, Plaintiff has suffered emotional distress, as well as lost wages and benefits.

**WHEREFORE**, Plaintiff, ASHLEY MEHRZAD, prays for judgment against Defendant Tazewell County Sheriff's Office for such other relief as the Court may deem just or equitable, including but not limited to lost benefits and wages as a result of Defendant's unlawful conduct, compensatory damages, punitive damages as allowed by law, and reasonable attorneys' fees, costs, and litigation expenses in accordance with 775 ILCS 5/8A-104(G).

Respectfully Submitted,

MICHELLE MORETTO, AMBER ROBERTSON, ASHLEY M MEHRZAD, DAWN K. HOSTETLER, MARISSA HUTTON, LARRY VICARY, REBECCA MELLOY, RHONDA RANDOLPH, RICHARD JOHNSTON, STEVE VANDUSEN, CHARLES TYSON MAY, ALEISHA KARRICK, TRENT STRUNK,

*s/ Heidi Karr Sleper*

_____

Plaintiffs' Attorney

*Electronically filed on March 8, 2017*

Dana L. Kurtz, Esq. (6256245)
Heidi Karr Sleper, Esq. (6287421)
KURTZ LAW OFFICES, LTD.
32 Blaine Street
Hinsdale, IL 60521
Phone: 630-323-9444
Facsimile: 630-604-9444
E-mail: dkurtz@kurtzlaw.us
E-mail: hsleper@kurtzlaw.us

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies and states that the attached documents were served on the designated attorneys by electronic service via the Court's ECF System on March 8, 2017.

Peter R. Jennetten          pjennetten@quinnjohnston.com


                                        *s/Heidi Karr Sleper*
                                        *Electronically filed March 8, 2017*