UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| **MICHELLE MORETTO, AMBER ROBERTSON, ASHLEY M. MEHRZAD, DAWN K. HOSTETLER, MARISSA HUTTON, LARRY VICARY, REBECCA MELLOY, RHONDA RANDOLPH, RICHARD JOHNSTON, STEVE VANDUSEN, CHARLES TYSON MAY, ALEISHA KARRICK, and TRENT,** | ) ) ) ) ) ) ) ) ) | |
| **Plaintiffs,** | ) ) | |
| v. | ) ) | 14-cv-1433-MMM |
| **TAZEWELL COUNTY SHERIFF'S OFFICE, SHERIFF ROBERT HUSTON, in his individual capacity, CHIEF DEPUTY JEFF LOWER, in his individual capacity, JAIL SUPERINTENDENT KURT ULRICH, in his individual capacity, JAIL SUPERINTENDENT EARL HELM, in his individual capacity, DEPUTY JAIL SUPERINTENDENT BILL ROTH, in his individual capacity, and TAZEWELL COUNTY, a unit of local Government,** | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is now before the Court on Plaintiffs' Motion for Reconsideration and Clarification. (ECF No. 171.) For the reasons stated herein, Plaintiffs' Motion is DENIED. The case will proceed to trial on the claims identified in the Court's original Memorandum Opinion and Order (*see* ECF No. 170), which have been clarified in this Order.

**PROCEDURAL HISTORY**

On March 23, 2017, Plaintiffs filed their Second Amended Complaint, alleging Defendants violated their constitutional rights under 42 U.S.C. § 1983, as to their "rights to free speech, union

association, and political association." (ECF 61 at 2.) Plaintiffs also included a state law pregnancy discrimination claim under 775 Ill. Comp. Stat. 5/2-102(J) (2015). *Id.* Defendants filed their Answer on March 27, 2017, and on May 4, 2018, they filed their Second Amended Motion for Summary Judgment (ECF No. 144). On August 24, 2018, Plaintiffs filed their Response, and on September 28, 2018, Defendants filed their Reply. This Court issued its Memorandum Opinion and Order on summary judgment on February 19, 2019.

In its Order, the Court granted summary judgment on Plaintiffs' First Amendment retaliation claims based on grievance activity and any claims against Defendant Lower. The Court denied summary judgment on Plaintiffs' retaliation claims based on political activity (i.e., their participation in the no-confidence vote and political support of Ron Davis). The Court also declined to exercise supplemental jurisdiction over Plaintiff Mehrzad's state law pregnancy discrimination claim. The Clerk of Court terminated Hutton, Lower, May, Mehrzad, Strunk, and Vicary as Parties to the suit. Thirty-six days later, Plaintiffs filed their Motion for Reconsideration. (ECF No. 171.) Defendants responded on April 10, 2019. (ECF No. 172.) This Order follows.

**LEGAL STANDARD**

Though Plaintiffs failed to file their Motion under any Federal Rule of Civil Procedure, the fact that it challenges the merits of this Court's decision means that it must fall under Rule 59(e) or Rule 60(b). *United States v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992). "While the two rules have similarities, 'Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances.'" *Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005). Because Plaintiffs filed their Motion more than twenty-eight days after the entry of judgment, as required by Rule 59(e), their Motion to Reconsider must be evaluated under the standards of Rule 60(b). *Deutsch*, 981 F.2d at 300-01.

Rule 60(b) of the Federal Rules of Civil Procedure allows a party to request reconsideration of a judgment. *Hicks v. Midwest Transit, Inc.*, 531 F.3d 467, 474 (7th Cir. 2008). Under Rule 60(b), a court may relieve a party from a final judgment or order based on, among other reasons, mistake, inadvertence, excusable neglect, newly discovered evidence or "any other reason that justifies relief." FED. R. CIV. P. 60(b). In contrast to Rule 59(e), "legal error is not a proper ground for relief under Rule 60(b). That rule is designed to allow modification in light of factual information that comes to light only after the judgment, and could not have been learned earlier. A contention that the judge erred with respect to the materials in the record is not within Rule 60(b)'s scope, else it would be impossible to enforce time limits for appeal." *Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002). The Seventh Circuit has described a district court's decision not to reinstate a claim under Rule 60(b) as "discretion piled on discretion." *Lofton v. SP Plus Corp.*, 710 F. App'x 265, 266 (7th Cir. 2018) (quoting *Tolliver v. Northrop Corp.*, 786 F.2d 316, 319 (7th Cir. 1986)).

## DISCUSSION

Plaintiffs' Motion, as it relates to reconsideration, simply rehashes the arguments outlined in their response to Defendants' Second Amended Motion for Summary Judgment. Plaintiffs argue (1) the Court's Order fails to address their First Amendment retaliation claims based on union association; (2) Plaintiffs Hutton, May, Mehrzad, Strunk, and Vicary have demonstrated disputed "issues of fact" to necessitate trial; and (3) the Court should exercise supplemental jurisdiction over Plaintiff Mehrzad's state law pregnancy discrimination claim. Plaintiffs fail to demonstrate, however, any extraordinary circumstances that create a danger that the Court's underlying Order is unjust, and the legal error they insinuate is an improper basis for relief under Rule 60(b). It appears Plaintiffs' request for clarification stems from the Court's organization of

its underlying Order based on individual activity, rather than a collective grouping of constitutional violations (e.g., free speech, union association, political association). Because the arguments behind Plaintiffs' request for reconsideration are duplicative and improper under Rule 60(b), they are DENIED. To the extent Plaintiffs seek clarification of the Court's prior ruling, such clarification can be found in this Order.

Plaintiffs summarize their first ground for reconsideration by arguing their union association—in addition to their individual speech—is protected activity that was motivation for the Defendants' retaliatory acts. The Court disagrees. In its Order, the Court organized First Amendment retaliation under protected individual activity and went to great lengths to outline the proper legal standard. (*See* ECF No. 170 at 4-8.) Based on a thorough review of the evidence, the Court failed to find a collective First Amendment retaliation claim based on union association, and it properly denied Plaintiffs' Motion to Certify Class early in the litigation (*see* Minute Entry 07/01/2015). The Court stated as such in its original ruling (*see* Order at 17-18, "[t]he Court does not find, however, that Plaintiffs['] mere presence at the union meeting constitutes protected speech, and Plaintiffs fail to suggest or argue otherwise.") As such, Plaintiffs' first ground for reconsideration is rejected and denied.

Plaintiffs next argue that five of the dismissed parties should be reinstated because "there are sufficient disputed issues of fact that they did engage in activity (i.e. association) protected by the First Amendment and that Defendants perceived that they were engaged in protected activity and retaliated against [them] based on that perception." (ECF No. 171 at 11.) Plaintiffs' argument attempts to recast their claims under an umbrella of union affiliation, when the focus of their complaint was that "[e]ach of Plaintiffs' claims under the First Amend[ment] arise primarily from the Plaintiffs' no-confidence vote held in October 2010;" and that "[a]t issue in this case are

4

Plaintiffs' actions of taking a no-confidence vote, support for Sheriff Huston's opponent and grievances filed after the vote." (ECF No. 157 at 144-45.) The Court addressed each of these activities, in detail, in its underlying Order. (*See generally*, ECF No. 170.) Plaintiffs' attempt to relitigate an issue that has already been evaluated, and dismissed, by the Court is improper. For these reasons, Plaintiffs' second ground for reconsideration is DENIED.

Finally, Plaintiffs argue that the Court should exercise supplemental jurisdiction over Plaintiff Mehrzad's state law pregnancy discrimination claim because the Court cannot decline pendent jurisdiction under any of the scenarios listed under 28 U.S.C. § 1367(c), and because "there are no exceptional circumstances which would compel the Court to decline jurisdiction." (ECF No. 171 at 14.) The Court once again disagrees. To be clear, this Court lacks subject matter jurisdiction to address Mehrzad's state law claim, as Plaintiffs' state and federal claims do not "derive from a common nucleus of operative fact," and the claims "are [not] such that [the parties] would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966); *Myers v. County of Lake*, *Indiana*, 30 F.3d 847, 850 (7th Cir. 1994). Plaintiffs' federal question claims, over which the Court has original jurisdiction, are entirely distinct from Plaintiff Mehrzad's pregnancy discrimination claim. As such, supplemental jurisdiction over her state law claim is unsuitable, as the claim falls outside the criteria outlined in 28 U.S.C. § 1367(a). *See Myers*, 30 F.3d at 850 ("A court must satisfy itself that a claim falls within the category laid out in § 1367(a), for otherwise there is no federal jurisdiction."). Accordingly, Plaintiffs' third and final ground for reconsideration is DENIED.

## CONCLUSION

For the reasons stated herein, Plaintiffs' Motion for Reconsideration and Clarification (ECF No. 171) is DENIED. The case will proceed to trial on the claims identified in the Court's original Memorandum Opinion and Order (*see* ECF No. 170).

ENTERED this 29th day of May 2019.

/s/ Michael M. Mihm
Michael M. Mihm
U.S. District Court Judge