E-FILED
Wednesday, 16 June, 2021  08:49:49 AM
Clerk, U.S. District Court, ILCD

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

All parties are equal before the law. An individual person and a corporation are entitled to the same fair consideration.

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true.

During the trial, certain testimony was presented to you by video. You should give this testimony the same consideration you would give it had the witness appeared and testified here in court.

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

You may consider statements given by a Party or a witness under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

It is proper for a lawyer to meet with any witness in preparation for trial.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

You must give separate consideration to each claim and each party in this case. Although there are five defendants, it does not follow that if one is liable, any of the others is also liable. Although there are eight plaintiffs, it does not follow that if one is successful, the others are too.

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Plaintiff must prove by a preponderance of the evidence that each individual Defendant was personally involved in the conduct that Plaintiff complains about. You may not hold any individual Defendant liable for what others did or did not do.

In this case, Plaintiffs Hostetler, Karrick, Melloy, Moretto, Robertson, Randolph and Vandusen claim that each Defendant violated their constitutional right to free speech by engaging in a campaign of retaliation because Plaintiffs participated in the no-confidence vote.

To succeed on this claim, a Plaintiff must prove each of the following four things by a preponderance of the evidence:

1.   Plaintiff participated in the no-confidence vote.

2.   Defendant intentionally engaged in a campaign of retaliation.

3. Plaintiff's participation in the no-confidence vote was a reason that the Defendant engaged in a campaign of retaliation. It need not be the only reason.

4. Defendant's campaign of retaliation would be likely to deter an ordinary employee in Plaintiff's circumstances from engaging in similar speech.

If you find that a Plaintiff did not prove each of these things by a preponderance of the evidence with respect to a Defendant, then you must decide against that Plaintiff and for that Defendant.

If you find that a Plaintiff did prove each of these things by a preponderance of the evidence as to one or more of the Defendants, then you must consider whether that Defendant has proved by a preponderance of the evidence that there were other reasons that would have led that Defendant to take the actions even if that Plaintiff had not participated in the no-confidence vote. If you find that the Defendant proved this by a preponderance of the evidence, then you must decide for that Defendant. If you find that a Defendant did not prove this by a preponderance of the evidence, then you must decide for Plaintiff, and the case will proceed to Phase II on the issue of damages.

In this case, Plaintiffs Johnston, Karrick, Melloy, Moretto, and VanDusen claim that Defendant violated their constitutional right to free association by engaging in a campaign of retaliation because of their support for Sheriff Huston's opponent in the 2010 election.

To succeed on this claim, Plaintiff must prove each of the following four things by a preponderance of the evidence:

1. Plaintiff supported Sheriff Huston's opponent in the 2010 election.

2. Defendant intentionally engaged in a campaign of retaliation.

3. Plaintiff's support for Sheriff Huston's opponent was a reason that the Defendant engaged in a campaign of retaliation. It need not be the only reason.

4. Defendant's campaign of retaliation would be likely to deter an ordinary employee in Plaintiff's circumstances from supporting Sheriff Huston's opponent.

If you find that a Plaintiff did not prove each of these things by a preponderance of the evidence with respect to a Defendant, then you must decide against that Plaintiff and for that Defendant.

If you find that a Plaintiff did prove each of these things by a preponderance of the evidence as to one or more of the Defendants, then you must consider whether that Defendant has proved by a preponderance of the evidence that there were other reasons that would have led that Defendant to take the actions even if that Plaintiff had not supported Sheriff Huston's opponent in the 2010 election. If you find that the Defendant proved this by a preponderance of the evidence, then you must decide for that Defendant. If you find that a Defendant did not prove this by a preponderance of the evidence, then you must decide for Plaintiff, and the case will proceed to Phase II on the issue of damages.

If you find that Plaintiff has proved any constitutional violation by a preponderance of the evidence, you must consider whether the Tazewell County Sheriff's Office is also liable to Plaintiff. The Tazewell County Sheriff's Office is not responsible simply because it employed the Defendants.

To succeed on this claim, Plaintiff must prove each of the following three things by a preponderance of the evidence:

1. One or more of the Defendants violated one or more of the Plaintiffs' First Amendment rights to participate in the no-confidence vote or to support Sheriff Huston's opponent in the election.

2. At the time, the Tazewell County Sheriff's Office had a policy of retaliating against correctional officers who exercised their First Amendment. The term policy means:

- A rule or regulation passed by the Tazewell County Board.

- A decision or policy statement made by Sheriff Huston, who is a policymaking official of the Tazewell County Sheriff's Office. This includes Sheriff Huston's approval of a decision or policy made by someone else, even if that person is not a policy-making official.

- A custom of retaliating against correctional officers who exercised their First Amendment rights that is persistent and widespread, so that it is Tazewell County Sheriff's Office's standard operating procedure. A persistent and widespread pattern may be a custom even if Tazewell County Sheriff's Office has not formally approved it, so long as Plaintiff proves that a policy-making official knew of the pattern and allowed it to continue. This includes a situation where a policy-making official must have known about a subordinate's actions/failures to act by virtue of the policy-making official's position.

3. The policy as described in paragraph 2 caused the violation of the Plaintiffs' First Amendment right to participate in the no-confidence vote or to support Sheriff Huston's opponent in the election.

4849-0118-7310, v. 1
4849-0118-7310, v. 2

Upon retiring to the jury room, you must select a presiding juror.  The presiding juror will preside over your deliberations and will be your representative here in court.

Verdict forms have been prepared for you.

[Forms of verdict read]

These forms will be brought to you in the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the form, and each of you will sign it.

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

The verdicts must represent the considered judgment of each juror. Your verdicts, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

**VERDICT FORMS**

On Plaintiff Richard Johnston's claim of First Amendment Retaliation based on political support of Ron Davis in the 2010 Tazewell County Sheriff's election, we, the jury, find in favor of the Plaintiff and against the following Defendants:

Defendant Tazewell County Sheriff's Office          Yes                      No

                                                   _____                  _____

Defendant Robert Huston                            Yes                      No

                                                   _____                  _____

Defendant Kurt Ulrich                              Yes                      No

                                                   _____                  _____

Defendant Bill Roth                                Yes                      No

                                                   _____                  _____

Defendant Earl Helm                                Yes                      No

                                                   _____                  _____

_____                  _____
     Presiding Juror

_____                  _____

_____                  _____

_____                  _____

_____                  _____

_____                  _____

On Plaintiff Dawn Hostetler's claim of First Amendment Retaliation based on her participation in the October 7, 2010, no-confidence vote, we, the jury, find in favor of the Plaintiff and against the following Defendants:

Defendant Tazewell County Sheriff's Office          Yes                    No

                                                   _____                _____

Defendant Robert Huston                            Yes                    No

                                                   _____                _____

Defendant Kurt Ulrich                              Yes                    No

                                                   _____                _____

Defendant Bill Roth                                Yes                    No

                                                   _____                _____

Defendant Earl Helm                                Yes                    No

                                                   _____                _____

_____          _____
      Presiding Juror

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

On Plaintiff Aleisha Karrick's claim of First Amendment Retaliation based on her participation in the October 7, 2010, no-confidence vote, we, the jury, find in favor of the Plaintiff and against the following Defendants:

Defendant Tazewell County Sheriff's Office         Yes                    No

                                                   _____                _____

Defendant Robert Huston                            Yes                    No

                                                   _____                _____

Defendant Kurt Ulrich                              Yes                    No

                                                   _____                _____

Defendant Bill Roth                                Yes                    No

                                                   _____                _____

Defendant Earl Helm                                Yes                    No

                                                   _____                _____


_____              _____
    Presiding Juror

_____              _____

_____              _____

_____              _____

_____              _____

_____              _____

On Plaintiff Aleisha Karrick's claim of First Amendment Retaliation based on her political support of Ron Davis in the 2010 Tazewell County Sheriff's election, we, the jury, find in favor of the Plaintiff and against the following Defendants:

Defendant Tazewell County Sheriff's Office          Yes                    No

                                                    _____               _____

Defendant Robert Huston                             Yes                    No

                                                    _____               _____

Defendant Kurt Ulrich                               Yes                    No

                                                    _____               _____

Defendant Bill Roth                                 Yes                    No

                                                    _____               _____

Defendant Earl Helm                                 Yes                    No

                                                    _____               _____


_____                    _____
       Presiding Juror

_____                    _____

_____                    _____

_____                    _____

_____                    _____

_____                    _____

On Plaintiff Rebecca Melloy VanDusen's claim of First Amendment Retaliation based on her participation in the October 7, 2010, no-confidence vote, we, the jury, find in favor of the Plaintiff and against the following Defendants:

Defendant Tazewell County Sheriff's Office          Yes          No

_____          _____

Defendant Robert Huston          Yes          No

_____          _____

Defendant Kurt Ulrich          Yes          No

_____          _____

Defendant Bill Roth          Yes          No

_____          _____

Defendant Earl Helm          Yes          No

_____          _____

_____          _____
     Presiding Juror

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

On Plaintiff Rebecca Melloy VanDusen's claim of First Amendment Retaliation based on her political support of Ron Davis in the 2010 Tazewell County Sheriff's election, we, the jury, find in favor of the Plaintiff and against the following Defendants:

Defendant Tazewell County Sheriff's Office        Yes                    No

                                                  _____                _____

Defendant Robert Huston                           Yes                    No

                                                  _____                _____

Defendant Kurt Ulrich                             Yes                    No

                                                  _____                _____

Defendant Bill Roth                               Yes                    No

                                                  _____                _____

Defendant Earl Helm                               Yes                    No

                                                  _____                _____


_____          _____
       Presiding Juror

_____          _____


_____          _____


_____          _____


_____          _____


_____          _____

On Plaintiff Michelle Moretto's claim of First Amendment Retaliation based on her participation in the October 7, 2010, no-confidence vote, we, the jury, find in favor of the Plaintiff and against the following Defendants:

Defendant Tazewell County Sheriff's Office          Yes                No

_____            _____

Defendant Robert Huston          Yes                No

_____            _____

Defendant Kurt Ulrich          Yes                No

_____            _____

Defendant Bill Roth          Yes                No

_____            _____

Defendant Earl Helm          Yes                No

_____            _____

_____          _____
       Presiding Juror

_____          _____

_____          _____

_____          _____

_____          _____

On Plaintiff Michelle Moretto's claim of First Amendment Retaliation based on her political support of Ron Davis in the 2010 Tazewell County Sheriff's election, we, the jury, find in favor of the Plaintiff and against the following Defendants:

Defendant Tazewell County Sheriff's Office          Yes                    No

_____                _____

Defendant Robert Huston                             Yes                    No

_____                _____

Defendant Kurt Ulrich                               Yes                    No

_____                _____

Defendant Bill Roth                                 Yes                    No

_____                _____

Defendant Earl Helm                                 Yes                    No

_____                _____

_____              _____
Presiding Juror

_____              _____

_____              _____

_____              _____

_____              _____

_____              _____

On Plaintiff Amber Robertson's claim of First Amendment Retaliation based on her participation in the October 7, 2010, no-confidence vote, we, the jury, find in favor of the Plaintiff and against the following Defendants:

Defendant Tazewell County Sheriff's Office        Yes                    No

                                                  _____                 _____

Defendant Robert Huston                           Yes                    No

                                                  _____                 _____

Defendant Kurt Ulrich                             Yes                    No

                                                  _____                 _____

Defendant Bill Roth                               Yes                    No

                                                  _____                 _____

Defendant Earl Helm                               Yes                    No

                                                  _____                 _____


_____             _____
      Presiding Juror

_____             _____

_____             _____

_____             _____

_____             _____

_____             _____

On Plaintiff Rhonda Randolph's claim of First Amendment Retaliation based on her participation in the October 7, 2010, no-confidence vote, we, the jury, find in favor of the Plaintiff and against the following Defendants:

Defendant Tazewell County Sheriff's Office          Yes                    No

                                                   _____                _____

Defendant Robert Huston                            Yes                    No

                                                   _____                _____

Defendant Kurt Ulrich                              Yes                    No

                                                   _____                _____

Defendant Bill Roth                                Yes                    No

                                                   _____                _____

Defendant Earl Helm                                Yes                    No

                                                   _____                _____


_____              _____
     Presiding Juror

_____              _____


_____              _____


_____              _____


_____              _____


_____              _____

On Plaintiff Steve VanDusen's claim of First Amendment Retaliation based on his participation in the October 7, 2010, no-confidence vote, we, the jury, find in favor of the Plaintiff and against the following Defendants:

Defendant Tazewell County Sheriff's Office     Yes                    No

                                               _____                 _____

Defendant Robert Huston                        Yes                    No

                                               _____                 _____

Defendant Kurt Ulrich                          Yes                    No

                                               _____                 _____

Defendant Bill Roth                            Yes                    No

                                               _____                 _____

Defendant Earl Helm                            Yes                    No

                                               _____                 _____

_____                      _____
    Presiding Juror

_____                      _____

_____                      _____

_____                      _____

_____                      _____

On Plaintiff Steve VanDusen's claim of First Amendment Retaliation based on political support of Ron Davis in the 2010 Tazewell County Sheriff's election, we, the jury, find in favor of the Plaintiff and against the following Defendants:

Defendant Tazewell County Sheriff's Office         Yes                    No

                                                   ———                    ———

Defendant Robert Huston                            Yes                    No

                                                   ———                    ———

Defendant Kurt Ulrich                              Yes                    No

                                                   ———                    ———

Defendant Bill Roth                                Yes                    No

                                                   ———                    ———

Defendant Tazewell County                          Yes                    No

                                                   ———                    ———

_____                            _____
      Presiding Juror

_____                            _____

_____                            _____

_____                            _____

_____                            _____

_____                            _____